**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GENE MATRIX D.O.O., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:25-cv-11787 |
| v. ) | |
| ) | Hon. Sharon Johnson Coleman |
| GENE MATRIX INC., GENE MATRIX LLC, ) | |
| SASO POPOSKI & TAREK YOUNIS, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF GENE MATRIX D.O.O.'S
MOTION FOR ENTRY OF DEFAULT AGAINST DEFENDANT GENE MATRIX LLC**

Plaintiff Gene Matrix D.O.O., by and through its attorneys, respectfully moves for an entry of default against Defendant Gene Matrix LLC pursuant to Fed. R. Civ. P. 55(a). In support of this Motion, Gene Matrix D.O.O. states as follows:

1. Gene Matrix D.O.O. filed its Complaint on September 26, 2025. Dkt. 1.

2. Efforts to serve Gene Matrix LLC through its registered agent were unsuccessful. On October 1, 2025, a process server attempted to serve Gene Matrix LLC through its registered agent, Chief Executive Officer Tarek Younis, at the address for the registered agent, 1375 W. Fulton Avenue, Suite 545, Chicago, Illinois 60607. Walton Aff. ¶¶ 4-5. Building security at 1375 W. Fulton Avenue did not allow the process server to proceed past the lobby. Walton Aff. ¶ 7, Ex. B. Instead, building security called Gene Matrix LLC, and an employee came to the lobby. The employee informed the process server that "Tarek Younis do[es] not come into the office and she has no idea when or if [he] will be back in the office." Walton Aff. ¶ 8, Ex. B.

3. Because Gene Matrix LLC's registered agent is an individual located in a secured office building, Gene Matrix LLC's registered agent could not be found at its registered office with reasonable diligence.

4. Federal Rule of Civil Procedure 4(h) permits service on a limited liability corporation "in the manner prescribed by Rule 4(e)(1) for serving an individual." *See* Fed. R. Civ. P. 4(h). Federal Rule of Civil Procedure 4(e) permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *See* Fed. R. Civ. P. 4(e).

5. Section 805 ILCS 180/1-50 of the Illinois Limited Liability Company Act permits service on the Illinois Secretary of State "[w]henever the limited liability company's registered agent cannot with reasonable diligence be found at the registered office in this State or at the principal place of business stated in the articles of organization." Service is effected by paying the appropriate fee and serving a copy of the process on the Illinois Secretary of State, sending a copy of the process to the limited liability company by certified mail, and attaching an affidavit of compliance. 805 ILCS 180/1-50(c).

6. On October 3, 2025, Gene Matrix D.O.O. paid the fee prescribed by 805 ILCS 180/50-10 and served the Illinois Secretary of State by transmitting a copy of the summons and complaint and attaching an affidavit of compliance. Walton Aff. ¶ 9, Ex. C. Gene Matrix D.O.O. also sent a copy of the summons and complaint to Gene Matrix LLC via certified mail. Walton Aff. ¶ 10. As a result, service on Gene Matrix LLC was complete as of October 3, 2025. *See Ayala v. C&C Invs. of Chi., LLC*, 2022 IL App (1st) 211423, ¶ 25 ("As noted, the Act allows service only on the registered agent appointed by the LLC or on the Secretary of State. In this case, plaintiff unsuccessfully attempted to serve the registered agent appointed by defendant, at the address listed in the Secretary of State's records . . . Plaintiff then served the Secretary of State on March 3, 2020, after the unsuccessful service on the registered agent, as allowed under the Act. We therefore find that such service was proper under the Act.").

7.     Gene Matrix LLC's deadline to respond to the Complaint was October 24, 2025. Walton Aff. ¶ 11.

8.     Gene Matrix LLC did not respond by October 24, 2025. Walton. Aff. ¶ 12.

9.     Gene Matrix LLC is a limited liability company, and therefore not a minor, incompetent, or member of the military service. Walton. Aff. ¶ 13.

10.    Default is appropriate when a party fails "to plead or otherwise defend" an action. *See* Fed. R. Civ. P. 55(a); *Sun v. Bd. of Trs. of Univ. of IL*, 473 F.3d 799, 811 (7th Cir. 2007) ("Federal Rule of Civil Procedure 55(a) provides that 'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default.'").

WHEREFORE, Plaintiff Gene Matrix D.O.O. respectfully requests that the Court enter an order of default against Defendant Gene Matrix LLC.

Dated: October 28, 2025

Respectfully submitted,

/s/ Katharine H. Walton
David M. Friebus
Katharine H. Walton
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
(312) 416-6200
dfriebus@bakerlaw.com
kwalton@bakerlaw.com

Sashe D. Dimitroff (*pro hac vice forthcoming*)
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
(713) 646-1320
sdimitroff@bakerlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that on October 28, 2025, she caused a true copy of the foregoing to be served on Defendant Gene Matrix LLC via first-class mail to:

Gene Matrix LLC
c/o Tarek Younis
1375 W. Fulton Avenue, Suite 545
Chicago, IL 60607

                                                                        */s/ Katharine H. Walton*