IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZAM2 D.O.O., | ) |
|     Plaintiff, | ) ) ) |
|     v. | )   No. 1:25-cv-11787 ) )   Hon. Sharon Johnson Coleman |
| GENE MATRIX INC., GENE MATRIX LLC, SASO POPOSKI & TAREK YOUNIS, | ) ) ) |
|     Defendants. | ) |

**PLAINTIFF ZAM2 D.O.O.'S
MOTION TO SET FORTH JUDGMENT IN A SEPARATE DOCUMENT**

Plaintiff ZAM2 D.O.O. ("ZAM2"), by and through its attorneys, respectfully moves the Court pursuant to Fed. R. Civ. P. 58(d) to set out the judgment in this action in a separate document, as required by Fed. R. Civ. P. 58(a). In support of this Motion, ZAM2 states as follows:

1. On December 30, 2025, the Court entered an order granting ZAM2's motion for default judgment against Defendants Gene Matrix Inc., Gene Matrix LLC, Saso Poposki, and Tarek Younis. Dkt. 59. That same day, the Court issued a minute entry that provided, in part: "Default judgment is entered in favor of plaintiff and against all defendants. Enter Order. Civil case terminated." Dkt. 58.

2. In light of precedent from the U.S. Court of Appeals for the Seventh Circuit, it is unclear whether either of these orders satisfies the requirement of Fed. R. Civ. P. 58(a), which provides that "[e]very judgment and amended judgment must be set out in a separate document[.]" *See Perry v. Sheet Metal Workers' Loc. No. 73 Pension Fund*, 585 F.3d 358, 361 (7th Cir. 2009).

3. Fed. R. Civ. P. 58(d) provides that "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)."

4. Therefore, to avoid any uncertainty surrounding the fact and date of judgment in this action, pursuant to Fed. R. Civ. P. 58(d), ZAM2 respectfully requests that the Court set forth the judgment in a separate document, including the judgment amount and applicable rate of post-judgment interest. (A proposed separate document will be submitted in accordance with the Court's procedures.).

WHEREFORE, Plaintiff ZAM2 D.O.O. respectfully requests that the Court set forth the judgment in this action in a separate document as required by Fed. R. Civ. P. 58(a).

Dated: January 21, 2026

Respectfully submitted,

/s/ Katharine H. Walton
David M. Friebus
Katharine H. Walton
BAKER & HOSTETLER LLP
One North Wacker Drive, Suite 3700
Chicago, Illinois 60606
(312) 416-6200
dfriebus@bakerlaw.com
kwalton@bakerlaw.com

Sashe D. Dimitroff (*pro hac vice forthcoming*)
BAKER & HOSTETLER LLP
811 Main Street, Suite 1100
Houston, TX 77002
(713) 646-1320
sdimitroff@bakerlaw.com